IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GRACE COPLEIN,

Plaintiff,

v.

CIVIL ACTION FILE
NO. 1:17-CV-4860-TWT

WELLS FARGO BANK, N.A., et al.,

Defendants.

## OPINION AND ORDER

This is an action for negligence and breach of contract. It is before the Court on the Plaintiff Grace Coplein's Motion to Remand [Doc. 9]. For the following reasons, the Plaintiff's Motion to Remand is GRANTED.

### I. Background

The Plaintiff Grace Coplein is an 84 year old resident of Fulton County, Georgia.[1] The Defendant Wells Fargo is a California corporation authorized to conduct business in Georgia. The Defendant Marilyn Davis is a Georgia resident, and is employed as the manager of the Wells Fargo branch bank located at 1630 Mount Vernon Road, Dunwoody, Georgia.

---

[1] Compl. ¶ 1.

Several years before the Complaint was filed, Ms. Coplein began regularly withdrawing and transferring large sums of cash from her Wells Fargo checking account to the business account of another Wells Fargo customer who, unbeknownst to Ms. Coplein, eventually transferred the funds into his own personal account.[2] This began occurring on a fairly regular basis – as often as several times per month – for amounts ranging from several hundred dollars to tens of thousands of dollars at a time.[3] Ms. Coplein conducted each transaction at the Dunwoody Wells Fargo branch, and they were often conducted by the same teller and approved by the same manager, the Defendant Ms. Davis.[4] But according to the Complaint, no one at Wells Fargo reported the transactions as suspicious.[5]

Eventually, Ms. Coplein's family discovered that the man whom she had been transferring the money to had been deceiving her and stealing her money.[6] As a result, Ms. Coplein filed a Complaint in the Superior Court of DeKalb County, Georgia on October 31, 2017. The Complaint alleges that Wells Fargo and Ms. Davis failed to identify and report the suspicious transactions in violation of Georgia law. In particular, the Complaint alleges claims for negligence and negligence per se against

---

[2]  Compl. ¶¶ 7, 13 [Doc. 1-1].

[3]  *Id.* at ¶ 8.

[4]  *Id.* at ¶ 9.

[5]  *Id.* at ¶ 20.

[6]  *Id.* at ¶ 12. He has since been arrested for the alleged crimes. *Id.* at ¶ 14.

both Defendants, as well as the additional claims of negligent supervision, and breach of contract against Wells Fargo.

The Defendants removed the case to this Court on December 1, 2017. On December 22, 2017, Ms. Coplein filed an Amended Complaint, adding additional allegations and claims against Ms. Davis. The Plaintiff also moved to remand the action to the Superior Court of DeKalb County.[7] The Defendants have also moved to dismiss the Amended Complaint for failure to state a claim.[8]

## II. Legal Standard

The authority of federal courts is limited; that is, they may only hear those cases which the Constitution and the Congress of the United States have authorized them to hear.[9] Any action originally filed in state court may be removed by a defendant to federal court if it would otherwise meet the constitutional and statutory requirements for original federal jurisdiction.[10] "A removing defendant has the burden of proving the existence of federal jurisdiction."[11] Due to the limited nature of federal jurisdiction, "removal statutes are construed narrowly; where plaintiff and defendant clash about

---

[7] *See* Am. Compl. [Doc. 8] and Motion to Remand [Doc. 9].

[8] Defs.' Mot. to Dismiss [Doc. 17].

[9] *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[10] *See* 28 U.S.C. § 1441.

[11] *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *abrogated by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

jurisdiction, uncertainties are resolved in favor of remand" to the originating state court.[12]

### III. Discussion

The Plaintiff moves to remand the case to the Superior Court of DeKalb County. The Defendants removed this case on the basis that Ms. Coplein and Wells Fargo are diverse parties.[13] Generally speaking, however, actions may not be removed on diversity jurisdiction if any defendant is a citizen of the state in which the action was originally brought.[14] This is known as the "resident defendant" exception to removal. Because the other Defendant – Ms. Davis – is a citizen of Georgia, this action would not normally be removable under the general rule. However, a defendant may still remove actions otherwise not removable if it can show that the resident defendant was fraudulently joined.[15] "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."[16] There are only a few circumstances in which this occurs. "The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. The

---

[12] *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

[13] 28 U.S.C. § 1332(a).

[14] *Id.* at 28 U.S.C. § 1441(b)(2).

[15] *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

[16] *Id.*

second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts."[17]

The Defendants bear the burden of establishing fraudulent joinder, and it is a heavy one.[18] The Defendants must show "by clear and convincing evidence that the resident defendant was fraudulently joined."[19] "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties."[20] District courts must "evaluate the allegations in the complaint under the pleading standards of the forum state,"[21] in the "light most favorable to the plaintiff and [they must] resolve any uncertainties about the applicable law in the plaintiff's favor."[22] If Ms. Coplein has "even an arguable claim" – meaning that "there is any possibility that the state law might impose liability on [Ms. Davis] under the circumstances alleged in the complaint" – then remand is required.[23]

---

[17] *Id.* (citations omitted).

[18] *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

[19] *Manley v. Ford Motor Co.*, 17 F. Supp. 3d 1375, 1381 (N.D. Ga. 2014).

[20] *Pacheco*, 139 F.3d at 1380. *See also Thermoset Corporation v. Building Materials Corp of America*, 849 F.3d 1313, 1317 (11th Cir. 2017); *Manley*, 17 F. Supp. 3d at 1381.

[21] *Manley*, 17 F. Supp. 3d at 1381 (citing *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1334 (11th Cir. 2011)).

[22] *Pacheco*, 139 F.3d at 1380.

[23] *Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1298-99 (11th Cir. 2007).

In the original Complaint, Ms. Coplein alleged claims of negligence and negligence *per se* against the Defendants. Generally speaking, to "recover for injuries caused by another's negligence, a plaintiff must show four elements: a duty, a breach of that duty, causation and damages."[24] Georgia has also adopted a negligence *per se* statute, which provides for the recovery of damages upon breach of a statutory duty to "act in the benefit of another or to refrain from doing an act which may injure another," even when the underlying statute – like the one here – provides "no cause of action . . . in express terms."[25] "[F]or a violation of a statute to be negligence per se, it is sufficient if the violation is capable of having a causal connection with the injury and damage inflicted. It is not essential that the injury inevitably flow from the violation."[26] If a plaintiff successfully establishes negligence *per se*, "satisfying, as a matter of law, the first two elements of a negligence claim . . . the plaintiff must go on to demonstrate that the defendant's statutory breach was the proximate cause of the plaintiff's injury."[27]

The Defendants make three arguments as to why the claims against Ms. Davis amount to fraudulent joinder. First, the Defendants argue that O.C.G.A. § 30-5-4, the

---

[24] *Smith v. Found*, 343 Ga. App. 816, 818 (2017) (quoting *Webb v. Day*, 273 Ga. App. 491, 494 (2005)).

[25] O.C.G.A. § 51-1-6.

[26] *Womac v. Oasis Goodtime Emporium I, Inc.*, 307 Ga. App. 323, 330 (2010) (quoting *Central Anesthesia Assocs., P.C. v. Worthy*, 254 Ga. 728, 733 n.3 (1985)).

[27] *Amick v. BM & KM, Inc.*, 275 F. Supp. 2d 1378, 1381 (N.D. Ga. 2003).

Georgia elder abuse reporting statute, does not create a private right of action.[28] The Defendants are correct in one sense. The underlying statute does not provide an express right of action, and Georgia law is clear that courts are not to imply causes of action where they are not explicitly expressed.[29] However, to the extent that they argue that this leaves the Plaintiff without *any* potential cause of action, they are incorrect given the current state of Georgia law. The Georgia Court of Appeals has recently held that O.C.G.A. §§ 51-1-6 and 51-1-8 may authorize a private right of action "in conjunction with a statute ... that imposes a legal duty but does not expressly provide a cause of action."[30] This is also true for criminal statutes, which have often been used as the basis for negligence *per se* claims in Georgia.[31]

---

[28] Defs.' Resp., at 11-12.

[29] *See Bellsouth Telecommunications, LLC v. Cobb County*, 342 Ga. App. 323, 326 (2017) ("Georgia has longstanding precedential authority rejecting the creation of implied private rights of action.") (quotations omitted). *See also* O.C.G.A. § 9-2-8(a) ("No private right of action shall arise from any Act enacted after July 1, 2010, unless such right is expressly provided therein.").

[30] *Id.* at 329. *See also Anthony v. American General Financial Services, Inc.*, 287 Ga. 448, 460 (2010) (finding that statute did not provide private right of action, but expressly stating that the plaintiffs "may be able to pursue civil liability against [the defendant] under other applicable tort or contract laws," including Section 51-1-6). *But see Murphy v. Bajjani*, 282 Ga. 197, 201 (2007) (finding that violation of penal statute did not give rise to a negligence *per se* claim, but doing so without any reference to or engagement with Section 51-1-6).

[31] *See, e.g.*, *Boyer v. Brown*, 240 Ga. App. 100, 101 (1999) (finding that violation of open container law constituted negligence *per se*); *Val D'Aosta Co. v. Cross*, 241 Ga. App. 583, 584-85 (1999) (finding violation of building code could constitute negligence *per se*); *Powell v. Carter*, 59 Ga. App. 683, 2 S.E.2d 191, 194 (1939) (finding that the misdemeanor violations of Georgia's code regarding the operation of motor vehicles are negligence *per se*); *See also Anthony*, 287 Ga. at 460 (finding that penal statute did not provide private right of action, but expressly stating that the plaintiffs

The underlying statute at issue in this case, O.C.G.A. § 30-5-4, clearly imposed a specific, mandatory, and express duty on Ms. Davis. Sub-section (a)(1)(B) specifically states that "*[a]ny* employee of a financial institution . . . having reasonable cause to believe that a disabled adult or elder person has been exploited *shall* report" their suspicions.[32] All employees of Wells Fargo, including branch managers like Ms. Davis, have a duty, shown by the use of the word "shall," to sound the alarm if they have reason to believe that an elder person is being exploited. The Court also finds that Ms. Coplein was a member of the class of persons the statute intended to protect and that she suffered the type of harm it was intended to prevent. By imposing a duty to report on financial institutions and their employees, the law's clear intent is to protect and prevent the abuse of elderly citizens in the form of financial exploitation or deceit. Because Ms. Coplein is an elderly citizen and alleges that she is the victim of financial exploitation, it is possible that she can assert a claim for negligence *per se* if she can prove that Ms. Davis violated her duty to report and that it caused her injuries.[33]

This brings us to the Defendants' final argument: that the Plaintiff has not alleged sufficient facts to support her claims against Ms. Davis. In particular, the

---

"may be able to pursue civil liability against [the defendant] under other applicable tort or contract laws," including Section 51-1-6).

[32] O.C.G.A. § 30-5-4(a)(1)(B) (emphasis added).

[33] Whether O.C.G.A. § 30-5-4 can serve as the basis for a negligence *per se* claim is admittedly an open question. Thus, even if the Court found it unlikely that a Georgia court would find in the affirmative on that question, the Court must still "resolve any uncertainties about the applicable law in the plaintiff's favor." *Pacheco*, 139 F.3d at 1380.

Defendants argue that the Plaintiff needs to allege independent tortious conduct on the part of Ms. Davis because Georgia law does not recognize "'reverse' vicarious liability."[34] But the Defendants mischaracterize the Plaintiff's claims against Ms. Davis. She is not pursuing a "reverse" vicarious liability claim against Ms. Davis for her employer's failure to follow a statutory duty. Rather, she claims that Ms. Davis herself violated a statutory duty when she failed to report the financial exploitation of the Plaintiff. And as discussed above, O.C.G.A. § 30-5-4(a)(1)(B) imposes a statutory duty on a financial institution's *employees*, not just the institution itself.

Further, Georgia follows a notice pleading standard, which is different from the federal approach post-*Twombly*[35] and *Iqbal*.[36] "Under this 'notice' theory of pleading it is immaterial whether a pleading states 'conclusions' or 'facts' as long as fair notice is given, and the statement of claim is short and plain. The true test is whether the pleading gives fair notice and states the elements of the claim plainly and succinctly . . ."[37] "[A] plaintiff is not required to plead in the complaint facts sufficient to set out each element of a cause of action so long as it puts the opposing party on reasonable notice of the issues that must be defended against."[38]

---

[34] Defs.' Resp., at 7.

[35] 550 U.S. 544 (2007).

[36] 556 U.S. 662 (2009).

[37] *Forsh v. Williams*, 321 Ga. App. 556, 557 (2013) (quoting *Ledford v. Meyer*, 249 Ga. 407, 408–409 (1982)).

[38] *Id.* (quoting *TechBios, Inc. v. Champagne*, 301 Ga. App. 592, 593 (2009)).

Here, the Plaintiff alleged that Ms. Davis was an employee of Wells Fargo,[39] that she approved many of the allegedly suspicious transactions conducted by Ms. Coplein,[40] that she violated her statutory duty under O.C.G.A. § 30-5-4(a)(1)(B) to report these suspicious transactions despite having reason to believe abuse was occurring,[41] that Ms. Coplein is an elderly person within the class of persons the statute is intended to protect,[42] and that she suffered further financial harm as a result of Ms. Davis' failure to report the transactions.[43] "If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient."[44] Ms. Coplein has succinctly and clearly pleaded the elements of a claim for negligence *per se.* Because the Complaint clearly put Ms. Davis on notice as to the claims against her, the Court finds that it is sufficiently pleaded. As a result, the Court finds that the Defendant Ms. Davis has not been fraudulently joined, and the Court must therefore remand the case for lack of subject matter jurisdiction.

---

[39] Compl. ¶ 9.

[40] *Id.*

[41] *Id.* at ¶ 38.

[42] *Id.* at ¶ 40.

[43] *Id.* at ¶¶ 41-42.

[44] *Forsh*, 321 Ga. App. at 557-58 (quoting *Koehler v. Massell*, 229 Ga. 359, 361 (1972)).

## IV. Conclusion

For the reasons stated above, the Plaintiff's Motion to Remand [Doc. 9] is GRANTED.

SO ORDERED, this 18 day of June, 2018.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge